JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Raymond Coll and Deborah Coll
941 Washington Street
Freeland, PA 18224

**(b)** County of Residence of First Listed Plaintiff: Luzerne County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen A. Seach, Esquire
The Seach Law Offices
53 West Foothills Drive, Drums, PA 18222  (570) 359-3283

## DEFENDANTS
CSX Transportation, Inc.

County of Residence of First Listed Defendant: Duval County, Florida
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC 1332

Brief description of cause:
Defendant placed Plaintiff in zone of danger. Defendant's train struck Plaintiff's work vehicle, causing injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ more than 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

THE SEACH LAW OFFICES
BY:   STEPHEN A. SEACH, ESQUIRE
53 West Foothills Drive                              Attorney for Plaintiffs
Drums, PA 18222
Pennsylvania Attorney I.D. No.:  67416
570.359.3283
sseach@seachlawoffice.com
*************************************************************************

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Raymond Coll and Deborah Coll, his wife        :
Pennsylvania,                                  :
                                               :
                           Plaintiffs          :   JURY TRIAL DEMANDED
                                               :
vs.                                            :
                                               :
CSX Transportation, Inc.,                      :
                                               :
                           Defendant           :

### Complaint

Plaintiffs, Raymond Coll and Deborah Coll, by their attorneys, The Seach Law Offices, hereby bring this complaint against Defendant, CSX Transportation, Inc., and, in support thereof, aver as follows:

1.      Plaintiff, Raymond Coll, is an adult individual, residing in Luzerne County, Pennsylvania.

2.      Plaintiff, Raymond Coll, is an adult individual, residing in Luzerne County, Pennsylvania.

1

3. Plaintiffs have been and are married to each other.

4. Defendant, CSX Transportation, Inc., is a foreign Corporation with a principal place of business in Jacksonville, Florida.

5. CSX Transportation, Inc., regularly conducts substantial business in the Middle District of Pennsylvania.

6. Defendant CSX Transportation, Inc., is in the business of owning and operating railroads.

7. Defendant, CSX Transportation, Inc., owns and operates railroads located in Versailles, Pennsylvania.

8. At all times material, Defendant, CSX Transportation, Inc., had care, custody and control of its railroads in Versailles, Pennsylvania.

9. At all times material, Defendant, CSX Transportation, Inc., had control over who could use its railroads, including those who could conduct work on and near the railroads.

10. Before July 14, 2018, Defendant entered into a contract with DBI Services, LLC.

11. DBI Services, LLC. is a foreign company with a principal place of business in Hazleton, Luzerne County, Pennsylvania.

12. DBI Services, LLC's business includes contracting to perform weed control on railroads.

13. Defendant, CSX Transportation, Inc.'s contract with DBI Services, LLC covered weed control on Defendant, CSX Transportation, Inc.'s railroads including the railroads in Versailles, Pennsylvania.

14. On or before July 14, 2018, Defendant, CSX Transportation, Inc., requested that DBI Services, LLC perform weed control services on the railroads in Versailles.

15. Defendant, CSX Transportation, Inc., knew that DBI Service, LLC's performance of weed control services would require DBI Service, LLC's employee(s) to use Defendant, CSX Transportation, Inc.'s railroads, including entering, using and exiting the railroad with Hi-Rail vehicles.

16. Hi-Rail vehicles are trucks that could be used on roads and highways. They also have gear which, when activated, allows the Hi-Rail to ride on railroads.

17. On July 14, 2018, Defendant, CSX Transportation, Inc., assigned one of its employees, known as a Pilot, to escort a DBI employee on Defendant's railroad in and near Versailles, Pennsylvania.

18. By assigning this employee Defendant, CSX Transportation, Inc., had several responsibilities, including to ensure that its Pilot would be able to provide for the on track safety of roadway workers and be trained, qualified and knowledgeable about the following:

1. All the on-track safety training and qualification required of the roadway workers to be supervised and protected.

2. The content and application of the operating rules of the railroad pertaining to the establishment of working limits.

3. The content and application of the rules of the railroad pertaining to the establishment or train approach warning.

4. The relevant physical characteristics of the territory of the railroad upon which the roadway worker is qualified.

49 C.F.R. §2114.353(a).

19. Defendant, CSX Transportation, Inc., was in radio contact with its Pilot.

20. Defendant, CSX Transportation, Inc., stated over the radio that the railroad to be used by the DBI employee was clear, thereby providing authority for DBI's employee to do his job under the escort of Defendant's Pilot.

21. Defendant, CSX Transportation, Inc., and its Pilot knew or should have known that it would be necessary for the DBI Hi-Rail vehicle to cross and/or be close to Defendant's adjacent rails.

22. As required to do his job, the DBI employee started to position the Hi-Rail vehicle, so that he could get it in position where the gear could be placed onto the rails.

23. Without invitation, warning or explanation, Defendant's Pilot lowered the rail gear, before the Hi-Rail vehicle was in a safe and proper position for the landing gear to be activated.

24. Defendant, CSX Transportation, Inc.'s Pilot knew or should have known that his lowering the rail gear was placing the DBI vehicle within four feet of the adjacent rails and fouling the adjacent track.

25. Defendant, CSX Transportation, Inc.'s Pilot began activating the gear, even though he was not asked to do so and did not have express or implied permission to maneuver the gear on the DBI Hi-Rail vehicle.

26. The Pilot's uninvited interference with and activation of gear caused the DBI Hi-Rail vehicle to be positioned in place, close to the adjacent rail.

27. The DBI driver exited his vehicle to see what the Pilot was doing.

28. As the DBI driver was walking near the back of the Hi-Rail vehicle, he was alerted by a train horn.

29. A train was approaching on the adjacent track.

30. For his safety, the DBI driver sought refuge by running into the cab of the Hi-Rail vehicle.

31. An effort was made to move the vehicle, but it was unmovable in the position directed by the Pilot.

32. The oncoming train, operated by and under the care, custody and control of Defendant, CSX Transportation, Inc., smashed into the DBI Hi-Rail vehicle, and the train's cars continued to strike the DBI Hi-Rail vehicle, until coming to a stop.

33. The crash and continued thumping caused severe and permanent injuries to the DBI driver.

34. That driver was Plaintiff, Raymond Coll.

35. The conduct of Defendant, CSX Transportation, Inc., and its employee caused injuries to Raymond Coll, including, but not limited to the following:

   A. rib fractures;

   B. neck pain;

   C. hip pain;

   D. cervical strain;

   E. lumbar strain;

   F. trauma;

   G. cervical spinal stenosis or the aggravation of it;

   H. upper back pain;

   I. cervical facet syndrome;

   J. lumbar facet arthropathy;

   K. herniation of lumbar intervertebral disc, with radiculopathy and trochanteric bursitis;

L.  radiculitis;

M.  thoracic spine pain cervicalgia;

N.  muscle spasm;

O.  the need for medical treatment including invasive treatment;

P.  nightmares and fright; and

Q.  other injuries and harms to be identified seasonably prior to trial.

36. As a result of the aforesaid injuries, Plaintiff, Raymond Coll, has been rendered sore and disabled and sustained physical and mental pain and great discomfort, and suffering, all of which required, and continue to require, extensive medical care and treatment.

37. As a result of the aforesaid injuries, Plaintiff, Raymond Coll, has suffered physical and mental discomfort, inconvenience, embarrassment and humiliation and is informed and therefore avers, that some or all of the injuries may continue to be permanent in nature and that he will, therefore, continue to suffer in the future, thereby requiring additional medical treatment from time to time.

38. As a result of the aforesaid injuries, Plaintiff, Raymond Coll, has been obliged to receive and undergo medical attention and care and has been obliged to expend and incur various expenses for the injuries he has suffered and will be obliged to continue to expend such sums and incur such expenses for an indefinite time into the future.

39. As a result of the aforesaid injuries, Plaintiff, Raymond Coll, has sustained, and is continuing to sustain, pain and suffering, embarrassment and humiliation, and a loss of the everyday pleasures and enjoyment of life.

40. As a result of the injuries caused by the negligence of the Defendant, Plaintiff, Raymond, sustained lost earnings and lost earning capacity and may in the future sustain wage loss and a loss of earnings capacity.

41. As a result of these injuries caused by Defendant, Plaintiff has been disfigured.

## Count I
## Plaintiff, Ray Coll v. Defendant, CSX Transportation, Inc.
## Vicarious Liability for Pilot's Torts

42. Plaintiff incorporates by reference the previous paragraphs.

43. Defendant, CSX Transportation, Inc.'s Pilot was negligent, reckless and careless, as follows:

   A. By lowering the landing gear of the Hi-Rail vehicle, the Pilot rendered the vehicle stationary, within four feet of the adjacent rails, fouling the adjacent track, and placing Plaintiff, Raymond Coll, in the zone of danger.

   B. Where the original job did not require the fouling of the adjacent track, the Pilot should have warned Plaintiff, Raymond Coll, that the duties would call for fouling of the track or that he intended to initiate otherwise unforeseeable conduct that would render the Hi-Rail vehicle unmovable, in a dangerous location.

   C. The Pilot under those circumstances was required to provide all protection necessary for on-track safety for Plaintiff, Raymond Coll. See 49 C.F.R. §214.315(c).

   D. The Pilot failed to comply with his duties as set forth in 49 C.F.R. §214.315.

   E. The Pilot stopped the DBI Hi-Rail truck, placing it in a zone of danger.

   F. The Pilot touched, maneuvered and activated DBI's gear, without asking Plaintiff for permission or even alerting Plaintiff that he would be doing so.

   G. The Pilot knew or should have known that a train would be coming and should have warned Plaintiff, Raymond Coll, ahead of time, instead of providing a thumb's up, as he did.

9

44. The carelessness, recklessness and negligence of Defendant's Pilot caused Plaintiff's harm.

45. Defendant, CSX Transportation, Inc., is vicariously liable for its Pilot's negligence, carelessness and recklessness.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, CSX Transportation, Inc., for compensatory damages and punitive damages, in an amount greater than $75,000.00

## Count II
### Plaintiff, Raymond Coll v. Defendant, CSX Transportation, Inc.
### Defendant's Own Negligence, Carelessness and Recklessness

46. Plaintiff incorporates by reference the previous paragraphs.

47. Defendant, CSX Transportation, Inc. was directly negligent, careless and reckless, as follows:

   A. Failing to alert its Pilot that a train could be approaching on the adjacent tracks.

   B. Failing to adequately train the Pilot to safely escort Plaintiff, Raymond Coll, under the circumstances.

   C. Disregarding the steps necessary to qualify its Pilot in the necessary areas.

   D. Failing to provide a qualified Pilot to ensure Plaintiff's safety while a worker on its railroad.

   E. Failing to meet the obligations under 49 C.F.R. §214.303 (railroad on-track safety programs, generally.)

   F. Failing to meet its obligations under 49 C.F.R.§343 (training and qualification, general).

   G. Failing to meet its obligations under 49 C.F.R. §214.345 (training for all roadway workers).

   H. Unnecessarily fouling the adjacent track by stopping the DBI Hi-Rail vehicle.

48. Defendant, CSX Transportation, Inc., disregarded safety measures on its railroad, knowing that its train did not have a short stopping distance and that things or people hit by its train will be damaged and injured and that a crash caused by its trains would likely lead to injury or death.

49. Yet, Defendant, CSX Transportation, Inc., intentionally chose to disregard the measures that a reasonably prudent corporation would take under the circumstances and which were necessary for Plaintiff, Raymond Coll's safety.

50. Defendant, CSX Transportation, Inc.'s conduct shows wanton disregard for Plaintiff, Raymond Coll's safety and well-being.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, CSX Transportation, Inc., for compensatory damages and punitive damages, in an amount greater than $75,000.00

### Count III

### Plaintiff, Deborah Coll
v.
### Defendant, CSX Transportation, Inc.
### Loss of Consortium

51. Plaintiffs incorporate by reference the previous paragraphs.

52. The injuries sustained by the Plaintiff, Raymond Coll, have caused harms to his wife, Plaintiff, Deborah Coll.

53. As a result of the injuries sustained by Plaintiff, Raymond Coll, Plaintiff, Deborah Coll, has sustained a loss of companionship, society and services of her husband from the time of Defendant's negligent and tortious conduct to the present and continuing into the future.

WHEREFORE, Plaintiff, Deborah Coll, demands judgment in her favor and against Defendant, CSX Transportation, Inc., for compensatory damages and punitive damages, in an amount greater than $75,000.00.

Respectfully submitted,

THE SEACH LAW OFFICES

BY: /s/ Stephen A. Seach
Stephen A. Seach, Esquire
Pa. Attorney I.D. 67416
Counsel for Plaintiffs
53 West Foothills Drive
Drums, PA  18222
570-359-3283
sseach@seachlawoffice.com

13