IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND COLL and DEBORAH COLL, )
)
    Plaintiffs, ) Civil Action No. 19-779
) Magistrate Judge Maureen P. Kelly
    v. )
) Re: ECF No. 19
CSX TRANSPORTATION, INC., )
)
    Defendant. )

## MEMORANDUM ORDER

**KELLY, Magistrate Judge**

Plaintiffs Raymond Coll and Deborah Coll, his wife, initiated this personal injury action against Defendant CSX Transportation, Inc. ("CSX"), alleging that Mr. Coll sustained serious and permanent injuries as a result of CSX's negligent and reckless conduct, in causing a collision between Mr. Coll's vehicle and an oncoming train. ECF No. 4.

Presently before the Court is CSX's Motion to Dismiss Requests for Punitive Damages. ECF No. 19. For the reasons that follow, the Motion to Dismiss will be denied without prejudice.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 14, 2018, Raymond Coll was performing weed control services on CSX railroads in the course of his employment with DBI Services, LLC. ECF No. 4 ¶¶ 13, 37. To perform his job, Coll was required to enter CSX railroads using a Hi-Rail vehicle, a truck equipped with a gear that allows a vehicle to ride on railroad tracks as necessary. Id. ¶¶ 18-19.

CSX assigned one of its employees to act as a "Pilot" to escort Coll onto its property. CSX was in radio contact with its Pilot and stated that the portion of the railroad to be used by Coll was clear for him to perform weed control activities, under the escort of the Pilot.

Coll alleges that without warning or instruction to do so, the Pilot lowered the rail gear before the Hi-Rail was in a safe and proper position. Coll exited the vehicle to investigate, but heard the horn of an approaching train. Coll took refuge in the Hi-Rail vehicle, but could not move the vehicle out of danger because of the Pilot's actions. The oncoming train struck the Hi-Rail vehicle, and Coll sustained serious and permanent injuries, leaving him disabled.

Coll alleges that CSX is vicariously liable for the conduct of its Pilot who was negligent and reckless in, *inter alia*, positioning the Hi-Rail vehicle across adjacent track, placing Coll in danger, and failing to warn Coll of the presence of an approaching train. Id. ¶46. Coll further alleges that CSX was negligent in failing to alert its Pilot of the approaching train, failing to provide appropriate training to its Pilot to ensure Plaintiff's safety, violating certain federal regulations regarding safety of personnel on its property and, in so doing, intentionally and wantonly disregarded safety measures that a prudent company would take to prevent injury or harm. Id. ¶¶ 51-53.

CSX contends that the allegations set forth in the Amended Complaint are insufficient to state a claim for punitive damages and, accordingly, has filed the instant Motion to Dismiss.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). While a complaint does not need

2

detailed factual allegations to survive the motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

In other words, at the motion to dismiss stage, a plaintiff is required to make "a showing' rather than a blanket assertion of an entitlement to relief." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. at 234, quoting Twombly, 550 U.S. at 556 n. 3.

To determine the sufficiency of a complaint, "a court ... must take three steps," that include (1) taking note of the elements a plaintiff must plead to state a claim; (2) identifying allegations that are merely legal conclusions "because they ... are not entitled to the assumption of truth;" and (3) assuming the veracity of all well-pleaded factual allegations and determining "whether they plausibly give rise to an entitlement to relief." Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 675, 679). If the court finds, even after construing the

3

complaint in the light most favorable to the plaintiff, that the plaintiff is not entitled to relief, the court can dismiss the claim. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

## III. DISCUSSION

The law regarding a demand for punitive damages was summarized recently in Diehl v. CSX Transportation, 349 F. Supp. 3d 487, 509-10 (W.D. Pa. 2018), where the Court denied a motion to dismiss a claim for punitive damages:

> Under Pennsylvania law, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Hutchison ex rel. Hutchison v. Luddy, 582 Pa. 114, 870 A.2d 766, 770 (2005) (citing Feld v. Merriam, 506 Pa. 383, 485 A.2d 742, 747 (1984)). "As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton[,] or reckless conduct." Id. (citing SHV Coal, Inc. v. Continental Grain Co., 526 Pa. 489, 587 A.2d 702, 704 (1991)).
> 
> "[W]hen assessing the propriety of the imposition of punitive damages, '[t]he state of mind of the actor is vital.'" Hutchison, 870 A.2d at 770 (quoting Feld, 485 A.2d at 748). "[A] punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Id. at 770; see also Scott v. Burke, No. 2:13-CV-278, 2013 WL 4648402, at *3 (W.D. Pa. Aug. 29, 2013).
> 
> "[T]he question of punitive damages is usually determined by the trier of fact, and the [c]ourt is to decide the issue only when no reasonable inference from the facts alleged supports a punitive award." Wilson v. Smith, No. 3:16-CV-34, 2016 WL 4775740, at *4 (W.D. Pa. Sept. 13, 2016) (Gibson, J.) (quoting Anderson v. Nationwide Ins. Enter., 187 F. Supp. 2d 447, 460 (W.D. Pa. 2002)).

Diehl v. CSX Transportation, Inc., 349 F. Supp. 3d at 509. The district court acknowledged that, "courts do indeed dismiss claims for punitive damages in advance of trial," id. (quoting Boring v. Google, Inc., 362 F. App'x 273, 283 (3d Cir. 2010)), but determined that the plaintiff's complaint, construed liberally, alleged sufficient facts regarding CSX's railway operations to support a reasonable inference that punitive damages were appropriate. Diehl, at 509.

4

In this instance, the Court concludes that Coll similarly has alleged sufficient facts to infer entitlement to punitive damages. The Amended Complaint alleges that the Pilot and CSX were reckless and careless in moving and positioning the Hi-Rail vehicle, placing Coll in the zone of danger, and in "intentionally choos[ing] to disregard the measures that a reasonably prudent corporation would take under the circumstances and which were necessary" for Coll's safety. In light of CDX's alleged failure to adequately warn of an approaching train and the Pilot's placement of Coll's vehicle across adjacent track, the Court finds that Coll has alleged facts setting forth a plausible claim for punitive damages. This issue, however, may be revisited through the filing of a motion for summary judgment, after the completion of discovery.

## IV. CONCLUSION

For the foregoing reasons, Defendant CSX Transportation, Inc.'s Motion to Dismiss Plaintiffs' punitive damages claim is properly denied. Accordingly, the following Order is entered:

## ORDER

AND NOW, this 13th day of September, 2019, upon consideration of the Motion to Dismiss Requests for Punitive Damages filed on behalf of CSX Transportation, Inc., ECF No. 19, and the response and briefs filed in support and in opposition thereto, ECF Nos. 20, 26, 27, and 32, and

for the reasons set forth in the accompanying Memorandum Order,

IT IS HEREBY ORDERED, that the Motion to Dismiss, ECF No. 19, is denied without prejudice.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF